UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

TYSHAN SHIPMAN,

Defendant.

No. 11-cr-933 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

On May 13, 2020, Defendant Tyshan Shipman moved for compassionate release under the
First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), in light of the COVID-19 pandemic.  (Doc.
No. 129.)  The government opposes his motion on both procedural and substantive grounds.  (Doc.
No. 133 ("Gov't Ltr.").)  Because Shipman has not yet exhausted his administrative remedies, his
request is DENIED without prejudice to renewal.

On February 21, 2012, Shipman pleaded guilty, pursuant to a plea agreement, to conspiring
to distribute 500 grams and more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).
(Doc. No. 49 at 1; Presentence Investigation Report ¶ 4 ("PSR").)  As a result of this criminal
conduct, and because Shipman qualified as a "career offender" given his multiple prior narcotics
convictions, the PSR concluded that the advisory Guidelines range was 188 to 235 months'
imprisonment.  (PSR ¶¶ 59, 106.)  On July 24, 2012, the Court sentenced Shipman slightly below
that range to 180 months' imprisonment.  (Doc. No. 49 at 1.)  In doing so, however, the Court
highlighted both Shipman's prior criminal conduct and the seriousness of his most recent offense.
(Sentencing Hr'g Tr. at 51 ("I believ[e] that you intend to change your life, but the reality is that
we have been down this road a number of times before.  You've had your serious sentences before

and it hasn't[,] at the end of the day, changed the direction of your life.  You've fallen back to bad decisions.  So the track record is not a great one . . . .  The other considerations are the nature of this crime, the seriousness of this crime.").)

Shipman is currently being held at FCI Danbury, in Danbury, Connecticut.  Thus far, Shipman has served approximately 107 months of his sentence and is projected to be released on December 29, 2024.

On April 10, 2020, Shipman made a written request to the Bureau of Prisons (the "BOP") to be placed in home confinement, presumably under the authority that the CARES Act, Pub. L. No. 116-136 (2020), and the Attorney General have given to the BOP under 18 U.S.C. § 3624(c)(2).  (Doc. No. 131-6 at 3.)  A little over two weeks later, on April 26, Shipman was informed orally by his unit manager that the BOP was denying his request.  (*Id.*; Doc. No. 130 at 12 ("Shipman Mem.") ("Mr. Shipman was orally informed by his unit manager on or about April 26, 2020[,] that he would not meet the BOP's conditions for release to home confinement.").)

Four days later, Shipman filed a new request with the Warden of FCI Danbury (the "Warden"), seeking to be placed in home confinement or, in the alternative, to have his sentence reduced under section 3582(c)(1)(A).  (Doc. No. 131-7.)  On May 11, Shipman received a letter from the Warden, dated May 8, informing him that his requests were denied.  (Doc. No. 133-1; Doc. No. 131-6 at 4.)  The letter also advised Shipman of his right to "commence an appeal of this decision via the administrative remedy process."  (Doc. No. 133-1.)

Thereafter, on May 13, 2020, Shipman filed the instant motion seeking compassionate release.  The government opposes that request.  Among other things, the government argues that Shipman has failed to satisfy section 3582(c)'s mandatory exhaustion requirement.  (Gov't Ltr.

at 3–5.)  At least as of May 18, 2020, Shipman had not pursued the administrative appeal process described in the Warden's May 8, 2020 letter.  (*Id.* at 4.)

The exhaustion requirement in section 3582(c)(1)(A) unambiguously "mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warden of the defendant's facility."  *United States v. Ogarro*, No. 18-cr-373 (RJS), 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).  And "[b]ecause the statutory language is unambiguous and mandatory, it must be strictly enforced."  *Id.* (internal quotation marks and alterations omitted).

Shipman has neither fully exhausted his administrative rights nor waited at least 30 days from the Warden's receipt of his request for compassionate release before filing this motion.  As to the former, section 3582(c)(1)(A) makes clear that Shipman must exhaust his "administrative rights to *appeal.*"  18 U.S.C. § 3582(c) (emphasis added).  The mere fact that the Warden issued a letter denying Shipman's requests does not satisfy that requirement.  "[T]he same exhaustion procedure for routine administrative grievances," which includes an administrative appeal process, "applies to requests for compassionate release."  *United States v. Bolino*, No. 06-cr-806 (BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020).  Indeed, the Warden's letter states as much.  (Doc. No. 133-1 (notifying Shipman that he "may commence an appeal of this decision via the administrative remedy process").)  That process includes appeals to both the appropriate Regional Director and the BOP General Counsel.  *See* 28 C.F.R. § 542.15 ("Appeal to the General Counsel is the final administrative appeal."); *see also* 28 C.F.R. § 571.63 (noting that unlike a denial by the General Counsel, whose denial is a "final administrative decision," a denial by a warden may be

appealed through the "Administrative Remedy Procedure"). As Shipman has not appealed the Warden's decision (Gov't Ltr. at 4), he has not exhausted his administrative rights to appeal.[1]

Nevertheless, Shipman argues that he has met section 3582(c)'s exhaustion requirement because at least 30 days have lapsed between the Warden's receipt of his request and his motion in this case. Because Shipman did not formally request compassionate release until April 30 – 13 days before he filed the instant motion – he has taken the position that the BOP's May 8 letter denying him compassionate release was in response to his April 10 request to be released to home confinement. In other words, Shipman argues that the BOP construed his April 10 request to be placed in home confinement as one for compassionate release.

The Court disagrees. For starters, Shipman did not seek compassionate release in his April 10 request; rather, he sought only to be placed in home confinement. (Doc. No. 131-6 at 3 ("On or about April 10, 2020, I submitted a written request to the BOP, addressed to my case manager for release to home confinement.").) Compassionate release and home confinement "are ultimately different statutory schemes with different considerations underlying each." *See United States v. Vigna*, 2020 WL 1900495, at *5 n.3 (S.D.N.Y. Apr. 17, 2020). The BOP's May 8 letter denying Shipman compassionate release was therefore plainly intended to respond to Shipman's April 30 request.

---

[1] Shipman also argues that the Court "should waive exhaustion as futile" given the Warden's alleged indifference to the dangers of COVID-19. (Doc. No. 136 at 9 ("Shipman Reply").) As an initial matter, it is not clear that section 3582(c)'s exhaustion requirement may be waived for futility. While the Supreme Court in *Ross v. Blake* noted that futility can relieve a petitioner from an otherwise mandatory claim-processing rule, 136 S. Ct. 1850, 1858–59 (2016), there is reason to think that such an exception is not available here. Specifically, the statute at issue in *Ross* required petitioners to exhaust only "such administrative remedies *as are available*." *Id.* at 1856, 1858–59 (internal quotation marks omitted and emphasis added). By contrast, section 3582(c) requires defendants to exhaust "*all* administrative rights to appeal." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). But even if section 3582(c)'s exhaustion requirement could be waived on futility grounds, Shipman has not demonstrated such futility here. Any appeal of the Warden's decision would be directed to the BOP Regional Director. *See* 28 C.F.R. § 542.15 ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director."). Though Shipman sets forth numerous allegations about the Warden's indifference to COVID-19 (Shipman Reply at 9), he does not set forth similar allegations about the Regional Director. Accordingly, there is no indication that such an appeal would be futile.

Moreover, Shipman was orally notified on April 26 that "he would not meet the BOP's conditions for release to home confinement." (Shipman Mem. at 12.)  The fact that there was no mention of whether Shipman met the standard for compassionate release further suggests that the BOP did not construe Shipman's April 10 request as covering that form of relief.  Accordingly, Shipman's motion is premature as it was filed less than 30 days after the Warden received Shipman's request for compassionate release.[2]

*     *     *

Because the Court concludes that Shipman has failed to exhaust his available administrative remedies, his request for compassionate release is DENIED without prejudice.  The Clerk of Court is respectfully directed to terminate the motion pending at document number 129.

SO ORDERED.

Dated:     May 28, 2020
           New York, New York


_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[2] Though not necessary to decide at this time, the Court notes that there is at least some authority to suggest that even should Shipman renew his motion on May 30, 2020 – 30 days after he requested compassionate release from the Warden – he would still not have satisfied the requirements of section 3582(c).  Specifically, some courts have "interpreted the 'lapse' language [in section 3582(c)(1)(A)] to require the passage of 30 days *without* BOP action on the request." *United States v. Ng Lap Seng*, No. 15-cr-706 (VSB), 2020 WL 2301202, at *6 (S.D.N.Y. May 8, 2020) (emphasis added).  Those decisions conclude that where a warden denies a compassionate release request within 30 days of receipt, "a defendant must complete each of the two levels of appeal that follow the warden's denial." *United States v. Gioeli*, No. 08-cr-240 (BMC), 2020 WL 2572191, at *2 (E.D.N.Y. May 21, 2020); *id.* at *3 ("If the warden denies [a compassionate release] request within thirty days, the defendant is relegated to the superior administrators charged with reviewing the warden's determination.").  A contrary interpretation would, they say, "render the statute's provision regarding full exhaustion of administrative remedies meaningless, as defendants . . . would forego appealing a warden's denial of their compassionate release request if the 30-day period was nearing an end." *Ng Lap Seng*, 2020 WL 2301202, at *6.  In the event that Shipman chooses to renew his motion for compassionate release, he should address these arguments in his moving papers.